**RUTHERFORD, Plaintiff-Appellant v. WESTERN UNION TELEGRAPH COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3726.   Decided October 4th, 1944.

James W. Horner, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellee.

(MONTGOMERY, J., of the Fifth Appellate District, sitting by designation in place of BARNES, P. J.)

## OPINION

By GEIGER, J.

The issues as presented by the pleadings are to the effect that on the 14th day of November, 1941, plaintiff was a passenger in a Plymouth automobile driven westwardly by a Mrs. Lottie Standish, at the rate of about 40 miles an hour on route 40; that when the car in which the plaintiff was riding as a passenger arrived at a point two and one-half miles west of Etna a truck of the defendant, driven by its agent at a dangerous rate of speed, about sixty miles an hour, without sounding a horn or in any manner warning the driver of the automobile, cut in in front of the automobile in which plaintiff was a passenger and without any signal came to an abrupt stop, causing said truck and the automobile in which plaintiff was riding to collide; that the plaintiff was injured as therein alleged; that the damage and injuries to her were due solely and proximately to the negligent operation of the truck in the following particulars:

(1) That the defendant was driving his truck at an unlawful and dangerous rate of speed.

(2) Defendant failed to have his truck under proper control.

(3) That the defendant failed to blow his horn or to give any signal.

For answer the defendant admits certain allegations, denying all others and alleges that if the plaintiff was injured or damaged the same was caused solely and proximately by the plaintiff's own negligence and the negligence of the person driving the automobile in which she was a passenger and without any fault or negligence on the part of the defendant.

The case was tried before a jury which unanimously held in favor of the defendant. A motion for a new trial was interposed on the usual grounds and the same was overruled and judgment entered on behalf of the defendant.

The evidence shown by the bill of exceptions disclosed a marked difference in the testimony of the plaintiff and her witnesses from that of the defendant and its witnesses.

Briefly, the plaintiff's evidence supported by the driver of the car, the plaintiff, and two other ladies riding in the car, is to the effect that about ten minutes before the collision the plantiff's car passed the truck of the defendant which was then engaged in loading tools used by the agent of the

defendant in tree trimming; that as the car in which the plaintiff was riding proceeded westward the truck at a high rate of speed passed the automobile and cut in so closely to its line of progress that the driver of the automobile was in serious danger from the close proximity of the truck overtaking and passing the automobile; that the truck drew in in front of the car in which the plaintiff was riding along the north lane of the highway and suddenly, without any warning, stopped, leaving the driver of the automobile with no other course of action than to endeavor to stop her automoblie by the use of the brakes, but due to the close proximity of the stopped truck and to the fact that at the same time on either side there were cars passing in both directions which pocketed the automobile in such a position the only recourse was to collide head on in the rear of the stopped truck.

It may be said in passing that the ladies who testified did so in a clear and convincing manner, describing the circumstances surrounding the collision as it appeared to them. On the other hand the driver of the truck and the men who were the employees of the defendant, with equal clearness denied that the truck passed the car in which the plaintiff was riding, but asserted the facts to be that it was proceeding in a lawful manner along the north lane of the highway, going westward and that it slowed down gradually upon discovering a school bus on the opposite side of the road which was then about stopped to permit children to alight. These witnesses assert that after the truck had so stopped, almost instantly the car driven by Mrs. Standish collided with the rear of the truck with such force as to drive it forward about twenty feet. The testimony of the agents of the company was supported by the testimony of the witnesses who saw the collision and asserted that the truckk did not cut in around the left side of Mrs. Standish's automobile, but was being driven at a proper rate of speed in the north lane of the three-lane highway. The witnesses all asserted that the truck came to a stop because at that point a school bus loaded with children was proceeding eastward.

The jury found in favor of the defendant.

The defendant introduced a series of photographs taken by a commercial photographer shortly before the trial and it also appeared from the testimony of the ladies riding in the car that on the next day the agents of the defendant came to the home of Mrs. Standish and sought to ascertain the extent of the damages that may have been caused; that when

one of the agents of the defendant made inquiry of Mrs. Standish she states that she said to him, "Why in the devil" or something like that, "did you run around us so fast and stop so abruptly?", and that one of the agents of the defendant, a Mr. Cline, replied to this, "I lost my head and I told the driver to put on the brakes immediately". This conversation was testified to by other witnesses on behalf of the plaintiff. Objection was made to the introduction of the photographs on the ground that they were not taken at or near the time of the accident. The Court, over the objection of the plaintiff. permitted the photographs to be introduced in evidence and submitted to the jury, and as to the conversation with Mrs. Standish by Cline, the Court charged "Evidence was admitted concerning statements made by the witness Cline on the day following the accident which, Mr. Cline, of course, denied having made the statement, and you will consider this evidence concerning statements made by him on the day following the accident for the purpose of determining the credibility of Mr. Cline as a witness and for no other purpose whatever."

Assignments of errors are asserted to the effect,

(1)  That the Court erred in the admission of evidence (which related to the introduction of the photographs).

(2)  That the Court erred in refusing to admit evidence offered on behalf of the appellant (which related to the statement alleged to have been made by Cline).

(3)  The Court erred in its charge to the jury in the instruction that Cline's statement was to be considered only for the purpose of determining the credibility of Cline as a witness and for no other purpose whatever.

As to the assignment of error in reference to the photographs we find from inspection and evidence that they were clear-cut photographs of the highway and adjacent buildings and the marking of the three lanes of traffic. Evidence was introduced to the effect that the photographs correctly represented the condition of the roadway as it existed at the time of the accident. They did not attempt to disclose any conditions existing at the time of the accident which did not relate to the permanent and continuing condition of the highway. We are of the opinion that the Court did not err in permitting the introduction of the photographs and that assignment of error is overruled.

As to the charge of the Court in reference to the statement made by Mrs. Standish to Cline which he denied having

made, the Court refused to permit the same to go to the jury for any other purpose than relating to the credibility of Cline, the Court holding that the statement being made on a day subsequent to the accident was not a part of the res gestae, and could not be considered for any other purpose than affecting credibility. In this we believe the Court was correct and that assignment of error is overruled.

We find no error in the general charge of the Court.

The case is eminently for the determination of a jury. The testimony was in conflict and as the witnesses testified to diametrically opposite conditions the matter was for the consideration of the jury.

We find no errors requiring the reversal of the order of the Court finding upon the verdict of the jury in behalf of the defendant.

Judgment of the Court will be affirmed.

HORNBECK, J., and MONTGOMERY, J., concur.